UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ATIBA WAGNER and
LEALACHE WAGNER,

       Plaintiffs,

v.                                   Case No. 8:18-cv-642-T-AEP

UNITED STATES OF AMERICA,

       Defendant.
_____/

## **ORDER**

This matter comes before the Court upon Defendants', United States of America, Motion for Partial Summary Judgment ("Motion") (Doc. 39) and Plaintiffs' Atiba Wagner ("Mr. Wagner") and his daughter Lealache Wagner ("Ms. Wagner") (collectively, "Plaintiffs") response in opposition thereto ("Response") (Doc. 40). In its Motion, Defendant seeks partial summary judgment on the issues of causation and damages on Count II of the complaint. A hearing on the Motion was held on November 13, 2019. For the reasons stated at the hearing, the Defendant's Motion for Partial Summary Judgment (Doc. 39) is GRANTED in part and DENIED in part.

    **I.**    **Background**

Plaintiffs initiated this action under the Federal Tort Claims Act 28 U.S.C. § 1346(b), 2671-2680, alleging two counts of negligence and seeking recovery for injuries and damages sustained (Doc. 1). Plaintiffs allege that their injuries and damages stem from a motor vehicle accident that occurred in Tampa, Florida on December 11, 2015 between a vehicle owned and operated by Mr. Wagner and a United States Postal Service ("USPS") mail truck operated by USPS employee Justin M. Deak (Doc. 1, at ¶ 2). Plaintiffs allege that Ms. Wagner was a

passenger in Mr. Wagner's vehicle at the time of the collision. *Id*. On March 16, 2018, Plaintiffs initiated the present action against the United States of America, asserting Defendant's vicarious liability for their injuries and damages. *Id*. at 3. Defendant now moves for partial summary judgment on the issues of causation and damages on Count II of the complaint, which relates to alleged injuries sustained by Ms. Wagner.

## II.     Standard of Review

Summary judgment is appropriate where the movant demonstrates that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The existence of some factual disputes between the litigants will not defeat an otherwise properly supported summary judgment motion; "the requirement is that there be no *genuine* issue of *material* fact." *Id.* at 247-48 (emphasis in original). The substantive law applicable to the claims will identify which facts are material. *Id.* at 248. In reviewing the motion, the court must view the evidence and make all factual inferences in a light most favorable to the non-moving party and resolve all reasonable doubts about the facts in favor of the non-movant. *Dadeland Depot, Inc. v. St. Paul Fire and Marine Ins. Co.*, 483 F.3d 1265, 1268 (11th Cir. 2007) (citation omitted).

## III.    Discussion

"To maintain an action for negligence, a plaintiff must establish that the defendant owed a duty, that the defendant breached that duty, and that this breach caused the plaintiff damages." *Fla. Dep't of Corr. v. Abril*, 969 So. 2d 201, 204 (Fla. 2007). As to damages, Defendant asserts that the "only way for [Ms. Wagner] to recover any damages" is to establish either permanent loss of bodily function or a permanent injury (Doc. 39). In Florida,

a plaintiff cannot recover any damages in tort for pain, suffering, mental anguish, and inconvenience in the absence of:

> (a) Significant and permanent loss of an important bodily function.
> (b) Permanent injury within a reasonable degree of medical probability, other than scarring or disfigurement.
> (c) Significant and permanent scarring or disfigurement.
> (d) Death.

Fla. Stat. § 627.737; *Barry v. Silver*, 2011 WL 13298553, *5 (M.D. Fla. Apr. 20, 2011).

In their Response, and at the hearing on November 13, 2019, Plaintiffs conceded that Ms. Wagner sustained no permanent injury (*See* doc. 40, at ¶ 3). Therefore, she cannot recover damages for non-economic injuries, as set forth in the statute. Fla. Stat. § 627.737. Accordingly, the Court grants Defendant's Motion as to non-economic damages on Count II.

A plaintiff without permanent injury, however, may still recover economic damages for benefits not payable under Florida's Personal Injury Protection ("PIP"). *Chapman v. Dillon*, 415 So. 2d 12, 18 (Fla. 1982). While Defendant argues that Ms. Wagner cannot recover *any* damages without establishing permanent injury (Doc. 39), lack of permanent injury does not preclude recovery of any economic damages incurred, provided those damages are not payable under PIP and have not been paid by any collateral sources. *McClellan v. Indus. Fire & Cas. Ins. Co.*, 475 So. 2d 1015, 1017 (Fla. 4th DCA 1985). At the hearing, Plaintiff alleged approximately $2,500 in economic damages for chiropractic medical bills. As these damages were not addressed in the parties' written motions, the Court makes no finding other than to say the claim for economic damages on Count II remains viable at this time.[1] Accordingly, the Court denies Defendant's Motion as to economic damages.

---

[1] Defendant is not precluded from taking the position at a later time that no genuine issue of material fact exists as to economic damages on Count II. In that event, Defendant may file with the Court a renewed motion for summary judgment.

**IV. Conclusion**

For the foregoing reasons, it is hereby

ORDERED:

1. Defendant's Motion for Partial Summary Judgment (Doc. 39) is GRANTED in part and DENIED in part.

DONE AND ORDERED in Tampa, Florida, on this 3rd day of December, 2019.

_____
ANTHONY E. PORCELLI
United States Magistrate Judge

cc: Counsel of Record